PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution
for Violation of Section 93 of .the Penal Code.

No. 1164.—Decided July 19, 1917.

EXECUTIVE POWER—NEGLIGENCE—JAILER—PRISONER.—A jailer who wilfully and
negligently allows a prisoner to leave the jail unaccompanied by a guard or
policeman fails to comply with his duty and is guilty of a violation of sec-
tion 93 of the Penal Code.

The facts are stated in the opinion.
*Mr. Manuel F. Rossy* for the appellant.
*Mr.. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case it was charged that the appellant, as warden
of the jail of Gurabo, permitted various persons, who are
named in the information, to go out· of the jail at different
hours of the day and night, unaccompanied by any policeman
or guard; in this way failing to perform a duty imposed
upon him by law. The appellant filed no brief and hence no
assignment of errors is to be found in the record. At the
hearing, however, he was represented by counsel, who insisted
that the case against the defendant was not proved, mainly
because appellant, at the time of the alleged crime, was ill
and unable to attend to his duties. It was also urged that
there was no very strict discipline and that as the original
jailer was himself temporarily imprisoned, the idea was to
have a nominal substitute. However, there was ample proof
of the acts charged in the information which purported to be
an infraction of section 93 of the Penal Code, as follows:

"Every person holding a public office who wilfully refuses or
neglects to perform the duties thereof, or who violates any .provision
of law relating to his duties or the duties of his office, for which
some other punishment is not prescribed, is punishable by fine not
exceeding five thousand (5,000) dollars, or (by) imprisonment in
jail not exceeding one year, or both."

This statute is very broad and perhaps some literal violations of it could not be penalized, but the particular acts set forth have always been subject to prosecution. Where a jailer voluntarily or negligently allows a prisoner to go at large he is guilty of a malfeasance in office. 29 Cyc. 1449, title *Officers;* 35 Cyc. 2006–07, note 71, title *Sheriffs and Constables;* 16 Cyc., 540 *et seq.,* title *Escape.* While there are severer penalties fixed in the code for voluntary escape, a negligence of this sort may properly be considered under said section 93. The defense of illness, as the record shows, was presented to the court below, which did not entertain it, but found defendant guilty, as charged, and sentenced him to one year in jail. The evidence shows that the negligence was flagrant and that the prisoners were notoriously at large.

The judgment must be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.